[801 NYS2d 159]

In the Matter of CHRISTOPHER S. ELLERMAN (Admitted as CHRISTOPHER SCOTT ELLERMAN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 26, 2005

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Christopher S. Ellerman,* Staten Island, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The respondent avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is aware of the implications of submitting a resignation. He acknowledges that he is the subject of a disciplinary proceeding based upon a petition which was personally served on him on October 22, 2004. The respondent concedes that he cannot successfully defend himself on the merits against the charge in the petition alleging that he converted to his own use funds entrusted to him as a fiduciary incident to his practice of law. Specifically, the petition alleges that in June 2004 and July 2004 he improperly drew two checks from his law firm's IOLA account, totalling $27,000, in July 2004 he made two internet transfers from his law firm's IOLA account totalling $5,000, and in July 2004, he improperly drew another check from his firm's IOLA account in the sum of $43,000.

The respondent further acknowledges that the petitioner is investigating a complaint alleging that in January 2002 he accepted $10,000 from client Theodore Toniuk to pursue a breach-of-contract case but performed no legal services, between October 2002 and September 2004 he failed to cooperate with the Richmond County Bar Association's investigation of the Toniuk complaint, and in October 2004 he failed to submit a written answer to the petitioner in relation to that case, notwithstanding a promise to do so. The respondent acknowledges that if charges were predicated upon the alleged professional misconduct contained in the additional complaint, he could not successfully defend himself on the merits against such charges.

His resignation is submitted subject to any application by the petitioner for an order directing him to make restitution to and reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the Court's continu-

ing jurisdiction to make such an order and is aware that any order issued pursuant to this statute could be entered as a civil judgment against him. The respondent specifically waives the opportunity to be heard in opposition afforded by Judiciary Law § 90 (6-a) (f).

The petitioner submits that no additional complaints are pending against the respondent at this time. Inasmuch as the respondent has admitted the allegations contained in the petition, as well as those raised by the complaint of Theodore Toniuk, whose claim to the Lawyers' Fund for Client Protection is still pending, the petitioner recommends acceptance of the proffered resignation.

Under the circumstances, the resignation is accepted, and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

The previously authorized disciplinary proceeding against the respondent is discontinued in light of his resignation.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and GOLDSTEIN, JJ., concur.

Ordered that the resignation of the respondent, Christopher S. Ellerman, admitted as Christopher Scott Ellerman, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Christopher S. Ellerman, admitted as Christopher Scott Ellerman, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Christopher S. Ellerman, admitted as Christopher Scott Ellerman, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Christopher S. Ellerman, admitted as Christopher Scott Ellerman, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Christopher S. Ellerman, admitted as Christopher Scott Ellerman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated February 25, 2005, is discontinued.